In Re Elder.

(*March* 28, 1925.)

Rice and Rodney, J. J., sitting.

*James H. Hughes* and *Henry Ridgely* for priority claimants.

*John B. Hutton, James M. Satterfield, Charles L. Harmonson* and *Richard R. Kenney* for claimants for ratable division.

Superior Court for Kent County, February Term, 1925.

Rodney, J., delivering the opinion of the court:

It has been assumed in this case that the question for the determination of the court is the construction of *Section* 2844 as amended, but the question may be somewhat deeper. It probably involves the consideration of whether the express amendment of *Section* 2844 relating to mechanics' liens is intended to change the entire distribution of the proceeds of the sale of lands under execution process.

A judgment recovered in a mechanic's lien proceeding is treated as a general lien. By this we do not mean it is not a special lien upon a specific property but is a lien of a general character

in contradistinction to a mortgage lien. *Woolley*, § 1135; *Sharpe v. Tatnall*, 5 *Del. Ch.* 302.

In *Sharpe v. Tatnall* (*supra*) it was distinctly held that a sale of real estate under a mortage conveyed the property to a purchaser freed from the lien of a judgment recovered in a mechanic's lien proceeding even though such mechanic's lien judgment was of an anterior date to and had priority over the mortgage lien. This was a construction of our present Code. *Section* 4373 of *Revised Code of* 1915.

Judgments in mechanic's lien proceedings being then general liens, we have the very familiar instance of the application of the proceeds of a sale under a mortgage where the property sold was also bound by the subsequent lien of a number of general liens. This is the precise question treated by Judge Woolley in *Section* 1140 of Woolley's Practice and the distribution has always been first to the mortgage and then to the general liens in the order of their priority, and the land is wholly discharged from all the liens whether the proceeds are sufficient to reach and satisfy all of them or not.

We will now consider the effect of the amendment to *Section* 2844. By its terms it applies only to mechanic's lien proceedings. No intention is indicated that it should apply to the proceeds of execution sales generally. When the new clause of *Section* 2844 says, "if the proceeds received from any sale under such writ of *levari facias* shall not be sufficient to pay in full all liens," and provides for a ratable distribution, it has reference to a definite writ of *levari facias*, one designated and set out in full form in the same section. We are asked to so construe the new clause of *Section* 2844 that it shall apply not only to the proceedings expressly set out in the section of which it forms a part, but to all cases where property, against which two or more mechanic's lien judgments may rest, shall be sold under any execution process. We see no room for construction in the act. Construction and interpretation are only called into play when the statute itself conveys no clear or definite meaning. As said by the Supreme Court of this state in

*Van Winkle v. State*, 27 *Del.* ( 4 *Boyce* ) 578, 91 *A.* 385, *Ann. Cas.* 1916D, 104:

"It is only when, by infirmity of expression, a statute is so framed that its meaning is in doubt, that courts are required first to construe a statute in order to know how to enforce it, and in so doing the one thing they seek is the intention of the Legislature, and, when they have found it, they then enforce the law which the legislature, and not the judiciary, has made.

"In the judicial interpretation of laws, courts are guided by well-recognized rules. When the language of a statute is plain and conveys a clear and definite meaning, courts give to the statute the exact meaning conveyed by the language, adding nothing thereto and taking nothing therefrom. Another meaning, that by inference or implication might otherwise be gathered from it, is avoided. When the expression is confused and the meaning obscure, then the courts seek the intention of the Legislature by the light of the fundamental rule of looking for the purpose and object of the law, searching for the mischief intended to be abated and finding the remedy intended to be afforded."

See, also, *Lewis v. Pawnee Bill's Wild West*, 6 *Penn.* (22 *Del.*) 316, 66 *A.* 471, 16 *Ann. Cas.* 903; *Pickering v. Day*, 3 *Houst.* 474, 95 *Am. Dec.* 291. A few illustrations would seem to show conclusively that the ratable division of proceeds of sale must be confined to those sales under the provisions of section 2844.

We are asked to disregard the word "such" where it refers to the writ of *levari facias* from which the proceeds are obtained. We cannot disregard this word alone but must also disregard the words "writ of *levari facias*" if we wish to cover the whole field in order to find the legislative intent, for unless the words "writ of *levari facias*" are omitted it would not cover any sale made in any different manner particularly on a writ of venditioni exponas.

In effect we are asked to make the ratable division of proceeds apply not to the lien but to the service or consideration for which the lien had been obtained. That this cannot be done is apparent from the consideration of another example. Suppose the ordinary judgment lien had been obtained after one of the mechanic's lien judgments but before the others. Would the first mechanic's lien judgment lose its priority over the ordinary judgment in order to share ratably with the other mechanic's lien judgments? Certainly the ordinary judgment would not lose its priority over the junior mechanic's lien judgments.

After a full consideration we are of the opinion that the rat-

able division provided by *Section* 2844 does not apply where the sale is under a *levari facias* on a mortgage.

Whether the provisions of *Section* 2844 as to a ratable division of proceeds apply to any cases except those in which the property is sold under a *levari facias* on a mechanic's lien judgment and the only liens are mechanic's lien claims, may be doubtful, but it would be improper to determine this question in this proceeding.

We are of the opinion that the surplus of the proceeds of the sale now remaining in this court should be applied to the lien judgments in the order of their priority.