THE STATE OF DELAWARE *v.* BETHLEHEM STEEL CORPORATION, a corporation of the State of Delaware.

442

(*May* 4, 1936.)

LAYTON, C. J., HARRINGTON and RODNEY, J. J., sitting.

*P. Warren Green,* Attorney-General, for plaintiff.

*Richards, Layton and Finger* for defendant.

Superior Court for New Castle County. Amicable Action, March Term, 1936.

LAYTON, C. J., delivering the opinion of the Court:

The question is single and narrow, and is dependent upon the scope and meaning of 1985, *Section* 71, of the *Revised Code.*

The plaintiff contends that this *section* must be construed, and that, by construction, it must follow that, in computing the tax due from the defendant, only the tax calculated upon the aggregate of the authorized capital stock of the three Delaware constituent companies is to be deducted from the tax calculated upon the authorized capital stock of the defendant, the surviving corporation. Its argument is that the history of the statute should be considered in arriving at its meaning, and inasmuch as, when 1973, *Section* 59, was enacted, only Delaware corporations could merge or consolidate, necessarily 1985, *Section* 71, must be understood as permitting deductions of tax imposed upon Delaware constituent corporations only. To hold otherwise, it is contended, would be unjust, and the consequences would be that the surviving corporation would pay nothing for the right and privilege to issue capital stock in an amount equal to the authorized capital of constituent corporations organized outside of the state of Delaware, and would result in a discrimination against corporations duly paying the statutory fee for their authorized capital stock; so that, by implication, the *section* in question must be held to refer to Delaware constituent corporations.

In support of this contention *Wallen v. Collins*, 6 *W. W. Harr.* (36 *Del.*) 266, 173 *A.* 801, is cited. There the court was called upon to consider the effect of an amendatory statute relating to the court of common pleas for New Castle

county. By the *act* creating that court it was given concurrent jurisdiction with justices of the peace in matters relating to forcible entry and detainer, a jurisdiction which from the earliest times had been summary in character. By an amendment (33 *Del. Laws, c.* 224), it was provided that the defendant "in any action commenced in the said Court of Common Pleas may remove the same to the Superior Court."

It was contended that the language of the statute was plain and unambiguous, and not, therefore, subject to construction; wherefore, a defendant in forcible entry and detainer proceedings commenced in the court of common pleas might remove the proceedings to the superior court.

It was held, however, despite the language used, that the statute presented a proper case for construction; that the purpose of the Legislature was not to enlarge the jurisdiction of the superior court, but to effectuate the removal of causes of action over which the superior court had jurisdiction; that the purpose and intention of the Legislature, when ascertained, must be given effect, although it might not be consistent with the strict letter of the statute; and that it was clearly not the intention of the Legislature to create a judicial system absurd and unjust, whereby a defendant in an action of forcible entry and detainer commenced before a justice of the peace would be summarily concluded, while another defendant in like proceedings in the court of common pleas could remove the proceedings to the superior court, with the consequent right of trial by jury and the right of a writ of error to that court.

It is a recognized principle that where the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction. *Brown et al. v. Wilmington & Brandywine Leather Co.,* 9

*Del. Ch.* 39, 74 *A.* 1105, 1106; *Van Winkle v. State,* 4 *Boyce* (27 *Del.*) 578, 91 *A.* 385, *Ann. Cas.* 1916*D*, 104; *In re Elder,* 3 *W. W. Harr.* (33 *Del.*) 11, 129 *A.* 510; *DuPont v. DuPont,* 7 *W. W. Harr.* (37 *Del.*) 7, 179 *A.* 500.

But ambiguity or obscurity may arise otherwise than from fault of expression. Inconsistency between two or more statutes, conflict between the statute and the State or Federal Constitutions, and unjust and absurd consequences flowing from a literal interpretation of language employed, create ambiguity calling for construction. 25 *R. C. L.* 958.

*Wallen v. Collins* was considered to be within the principle that if a thing, although within the letter of the law, plainly is not within the intention of the Legislature, it cannot be within the statute.

That principle is not applicable here. The language of the statute, 1985, *Section* 71, is plain and understandable, without ambiguity or obscurity. There is no room for construction arising from fault of expression, inconsistency between this and other statutes, or from constitutional conflict. The sole argument is that the consequences of literal interpretation are so absurd and unjust as to compel construction.

Before the amendment of 1973, *Section* 59, the law permitted only the merger of two or more Delaware corporations into one of such Delaware corporations. The phrase, "constituent corporations" appearing in 1985, *Section* 71, of course, referred to Delaware corporations, for the reason that only Delaware corporations could effect a merger under the Delaware law; but, at the same time, the phrases meant all of the constituent corporations. This *section* has not been changed, and the phrase still compre-

hends and embraces all the constituent corporations which, under 1973, *Section* 59, as amended (40 *Del. Laws, c.* 148, §6), may consolidate or merge.

Whether the Legislature meant to impose a tax upon the authorized capital of the surviving corporation less a credit for any tax already paid to this state by Delaware corporations entering into the consolidation, whether the failure to amend 1985, *Section* 71, was an oversight, or whether the Legislature purposely refrained from amending the *section* as an inducement to foreign corporations to merge with Delaware corporations, and thereby to increase the amount of annual franchise tax to be received by the state, are subjects of speculation. One view, perhaps, is as probable as the other. Neither can be said to rest in such certainty as to justify a finding of precise legislative purpose and intention necessary to allow the application of principles of construction.

We are unable to say that the consequence of literal interpretation is unjust to the state, for as has been said, the Legislature may have had in mind the ultimate franchise tax benefit, annually recurring, rather than the immediate advantage. Nor may we say that the consequence is an unjust treatment of corporations duly paying the state a fee for the authorization of its capital stock. The schedule of fees and taxes to be paid to the state is subject to change, and has been changed from time to time. To what extent corporations shall be assessed is a matter for legislative determination. The fact that one corporation of a later period has paid taxes and fees at a lesser rate than another corporation of an earlier period, may not reasonably be said to work an injustice to the latter. At any rate the injustice, if such there be, is not such as to require the application of principles of construction to language that is plain and unambiguous.

■■ It is argued that the construction given doubtful statutes by executive officers is entitled to great weight. *Doe ex dem. Wilkerson v. Roe,* 6 *W. W. Harr.* (*36 Del.*) 1, 171 *A.* 191. This is true, especially where the executive construction has long prevailed; but in applying that prin-ciple here we are met with two difficulties, first, that the construction insisted upon has not long prevailed; second, that it is doubtful whether the construction ever prevailed prior to the instant case. It appears that the department of state, on May 8, 1935, published in pamphlet form cer-tified copies of the *General Corporation Law,* and, in an appendix thereto, set forth in tabulated form the fees and taxes to be paid for the filing of certificates and papers relating to corporations; and, under the heading, "Certifi-cate of Consolidation or Merger," is a statement of the tax to be paid upon the filing of such certificates, as follows:

"The difference between the tax computed at the foregoing rates upon the total authorized capital stock of the corporation created by such consolidation or merger, and the tax so computed upon the aggregate amount of the total authorized capital stock of the con-stituent corporations."

This language is substantially identical with the language of the *fourth paragraph* of 1985, *Section* 71, but, if the department had intended to construe the *section,* obviously it was its duty to point out that, in the opinion of the department, the phrase, "constituent corporations" meant Delaware constituent corporations. Not having done this, it is not apparent that the department placed the construction upon the *section* as is now contended for.

It is not without interest to note what has been done in other jurisdictions. In New York when its corporation law was amended (*Laws N. Y.* 1934, *c.* 611, § 2, amend-ing *Tax Law* [*Consol. Laws, c.* 60], § 180) to permit the consolidation of domestic and foreign corporations, the *section* providing for fees was amended to provide for the

payment of tax by the new or surviving corporation calculated upon the "amount of its capital stock in excess of the aggregate amount of capital stock of such of the constituent corporations as were organized under the laws of this state."

In New Jersey, the *Section* of the *General Corporation Law* (2 *Comp. St. N. J.* 1910, *p.* 1665, § 114) relating to the fees and taxes to be paid in the case of consolidation or merger of corporations provided for the payment of "twenty cents for each thousand dollars of capital authorized, beyond the total authorized capital of the corporations merged or consolidated." When the *General Law* was amended (*P. L.* 1918, *p.* 1013 [*Comp. St. Supp.* 1924, § 47—104]) to permit the consolidation of New Jersey corporations with those of other states, the section relating to fees and taxes to be paid was left unchanged. It appears that the practice of the department of state of New Jersey is to demand fees and taxes calculated upon the total authorized capital of the surviving corporation, less the tax computed upon the aggregate of the authorized capital of the constituent corporations whether domestic or foreign. In New Jersey, therefore, the statute, substantially similar to our own, is held to have the meaning as contended for by the defendant here.

■ Finally, it is to be said that revenue laws, when they are ambiguous or doubtful, will be construed in favor of the taxpayer and against the taxing power. 2 *Sutherland, State. Cons.* (2d Ed.), § 537; 59 *C. J.* 1131; *State v. R. H. Perry & Co.,* 3 *W. W. Harr.* (33 *Del.*) 530, 140 *A.* 474.

The conclusion must be, therefore, that in calculating the tax due from the defendant, there shall be deducted the amount of tax calculated upon the authorized capital of all the constituent corporations, and judgment is entered

in favor of the plaintiff and against the defendant in the sum of $313.51, and costs.