NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

VISTA VERDE HOMEOWNERS ASSOCIATION, an Arizona non-profit
corporation; FIRST AMERICAN TITLE INSURANCE COMPANY, a
California corporation, As Trustee under Trust No. 8422; and RIO VERDE
SERVICES, INC., a Minnesota corporation, *Plaintiffs/Appellants*,

*v.*

MARICOPA COUNTY, a political subdivision of the State of Arizona,
*Defendant/Appellee*.

No. 1 CA-TX 14-0014
FILED 11-24-2015

Appeal from the Superior Court in Maricopa County
No.  TX2012-000072
The Honorable Christopher T. Whitten, Judge
The Honorable Dean M. Fink, Judge

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

COUNSEL

Mooney, Wright & Moore, Mesa
By Paul J. Mooney, Bart S. Wilhoit
*Counsel for Plaintiffs/Appellants*

Maricopa County Attorney's Office, Phoenix
By Peter Muthig
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

---

**B R O W N**, Chief Judge:

¶1         Vista Verde Homeowners Association, First American Title Insurance Company, and Rio Verde Services (collectively, "Vista Verde"), appeal the tax court's entry of summary judgment in favor of Maricopa County ("the County") on Vista Verde's challenge to a 2009 property tax assessment.  For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.

## BACKGROUND

¶2         On October 28, 2011, Vista Verde filed a notice of claim challenging the Maricopa County Assessor's ("Assessor") valuation of thirty-one parcels of real property located within the Vista Verde Unit One residential subdivision ("the Property") for tax years 2009, 2010, and 2011, and requesting valuation of the Property as "common area," which would substantially lower the tax assessement.  The Assessor accepted Vista Verde's proposed valuation correction as to the 2011 tax year, but rejected the proposed valuation corrections for the prior years.  Vista Verde then filed a petition for review with the Arizona State Board of Equalization ("the Board").  At a hearing before the Board, the County agreed to a revised 2010 assessment of the Property, but denied the proposed 2009 correction, and the Board found no error in the County's assessment of the Property for 2009.[1]

---

[1]     It is undisputed that the Property's actual use and legal classification on January 1, 2008, the valuation date for tax year 2009, was identical to its actual use and legal classification on January 1, 2009, the valuation date for tax year 2010.  Under the Assessor's "internal policy," a property's use may be reclassified as "common area" if the property is "deeded over" to a homeowners' association by June 30th of the relevant tax year.  The County characterizes the Assessor's decision to reclassify the Property for the 2010

¶3            Vista Verde then filed a complaint in tax court appealing the Board's denial of its claim.  Specifically, Vista Verde asserted the Property should have been identified as residential common area pursuant to Arizona Revised Statutes ("A.R.S.") section 42-13402[2] and assessed accordingly.  Vista Verde further argued that the Assessor erred in valuing the Property because, by statute, the Property's full cash value may not exceed its market value and current usage must be considered in determining the full cash value.

¶4            As the litigation ensued, Vista Verde provided its initial disclosure statement, explaining that the tracts of land at issue were not developable or marketable, as confirmed by the subdivision plat map.  Vista Verde asserted that the Assessor has a duty to use "aerial photography, department of revenue records, building permits and other documentary sources and technology" in satisfying its obligation to identify and examine all real property that is subject to taxation.  *See* A.R.S. § 42-13051.  Vista Verde further asserted that the Assessor erred in "designating and describing the use and classification" of the Property, which "should be valued at its current use," after following relevant guidelines and taking into account similarly situated properties.

---

tax year as common area, notwithstanding the untimely transfer of deed to the homeowners' association on July 1, 2010, as a "gift."

[2]      Title 42, Chapter 13, Article 9 "establishes the exclusive method for identifying and valuing common areas."  A.R.S. § 42-13401.  As defined by A.R.S. § 42-13402(B), "common areas consist of improved or unimproved real property that is intended for the use of owners and residents and include common beautification areas[.]"  Qualification as a common area requires  the following:  (1) the property must be owned by a nonprofit homeowners' association, community association or corporation; (2) the association or corporation must be organized and operated to provide for the maintenance and management of the common area property; (3) all residential property owners in the development must be required to be and must actually be members of the association or corporation, or must be obligated to pay mandatory assessments to maintain and manage the common areas; (4) all members of the association or residential property owners in the development . . . must have a right to use and enjoy the common areas; and (5) the common areas must be deeded to the association or corporation.

¶5 Vista Verde then filed a motion to compel the County to respond to several discovery requests, including access to the Assessor's complete file on the Property, requests for admissions, and a deposition. Vista Verde asserted the requested information was necessary to determine how the Assessor classified and valued the Property for 2009. In response, the County requested a protective order, arguing the dispositive issue—whether the Property qualifies as statutory common area—could be resolved as a matter of law.

¶6 Following oral argument on the motions, the tax court found that Vista Verde's complaint framed only one cognizable claim, namely, the County failed to properly identify and assess the Property as a common area under A.R.S. § 42-13402.[3] The court therefore denied Vista Verde's motion to compel and granted the County's request for a protective order.

¶7 While the motion to compel was still pending before the tax court, the County filed a motion for summary judgment, arguing the Assessor did not err in valuing the Property because the Property did not qualify as common area pursuant to A.R.S. § 42-13402(C). The County further argued that, because the Property "could not be classified as common area," the Assessor exercised discretion in valuing and assessing the Property, and such discretion is not subject to statutory "error correction relief." On that basis, the County argued that Vista Verde's general claims regarding full cash value and usage were precluded because Vista Verde failed to "timely appeal[] the valuation or classification of the [] Property after being given notice of its assessed value," as statutorily required.

¶8 Consistent with its initial disclosure statement, Vista Verde argued in its response and cross-motion for summary judgment that the Property was "always intended to be common areas, available for the use of the owners and residents of the Vista Verde residential subdivision." Vista Verde noted that the Property does not "have access to potable water, sewer, electricity or cable" and explained that the Property is primarily used for "roads, drainage, and/or landscaping." Accordingly, Vista Verde

---

[3]     In reaching this conclusion, the tax court found the complaint's assertions that the Property "must be properly valued in accordance with [numerous statutes that], among other things, define full cash value, mandate that full cash value cannot exceed market value and mandate that current usage shall be included" are "indisputably true," but also determined "they do not allege any objectively verifiable error, or for that matter any error at all, apart from . . . the common area status[.]"

asserted the Property was not "developable, [] marketable, and [its] use is significantly restricted." Vista Verde conceded, however, that the parcels were not deeded to the homeowners' association until July 1, 2010. Vista Verde thus argued the Assessor erred by failing to identify and value the Property according to its then current usage. Vista Verde asserted that the Property should have been valued as a common area that is "not qualified for statutory valuation method" or "limited use" property, as outlined in the use codes published in the Arizona Department of Revenue's Property Use Code Manual, not "residential rural subdivided" land. Vista Verde further argued that it did not have "the opportunity to determine why the Assessor did not properly designate and describe the use" of the Property because all discovery had been barred. In reply, the County asserted Vista Verde's restricted use arguments "were never alleged or disclosed."

¶9 After the case was assigned to a different judge, the tax court found that for tax year 2009 the Property did not qualify as common area as defined by A.R.S. § 42-13402(B). Concluding that the statute "is the exclusive method for identifying and valuing common areas," and the Property did not satisfy the statutory qualifications, the tax court held the County "did not err in not classifying the property as 'community area' for 2009." Thus, the court granted the County's motion for summary judgment and denied Vista Verde's cross-motion for summary judgment. Vista Verde timely appealed.

**DISCUSSION**

¶10 Vista Verde contends the tax court erred by granting summary judgment in favor of the County and denying its cross-motion for summary judgment because the County "mistakenly designated the current use" of the Property "when it established the full cash values" for 2009. Specifically, Vista Verde argues the Assessor failed to investigate the Property's current use, as mandated by statute, when evaluating and assessing the Property in 2009, and had the Assessor done so, the Property would have been identified as a "limited use" or "restricted use" property.[4]

¶11 Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment

---

[4] To the extent Vista Verde suggested in its briefing that the Property's use was the same for 2009 as 2010 and 2011, and its 2009 classification and assessment therefore should be statutory common area consistent with the favorable tax treatment applied in subsequent years, Vista Verde expressly withdrew the claim at oral argument and we therefore do not consider it.

as a matter of law. Ariz. R. Civ. P. 56(a). We review a summary judgment ruling de novo, *Ariz. Dep't of Revenue v. South Point Energy Ctr., LLC*, 228 Ariz. 436, 439, ¶ 11 (App. 2011), and view the evidence in the light most favorable to the non-moving party. *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 116, ¶ 17 (App. 2008). As a general rule, we liberally construe statutes imposing taxes in favor of taxpayers and against the government. *Wilderness World, Inc. v. Dep't of Revenue*, 182 Ariz. 196, 199 (1995) ("Tax statutes are interpreted strictly against the state, and any ambiguities are resolved in favor of the taxpayer.").

**¶12**        When a property owner believes property "has been valued too high or otherwise improperly valued," the owner may pursue an administrative appeal by petitioning the assessor for relief. A.R.S. § 42-16051(A). The property owner must file the petition "*within sixty days* after the date the assessor mailed the notice of valuation . . . .[.]" A.R.S. § 42-16051(D) (emphasis added).

**¶13**        Here, it is undisputed that Vista Verde received timely notice of the 2009 valuation with an aggregate full cash value of $12,573,700, but failed to pursue an administrative appeal with the Assessor challenging the valuation. The sixty-day post-notice limitation for petitioning an assessment does not apply, however, if an assessment challenge is brought pursuant to A.R.S. §§ 42-16251 to -16259 ("Error Correction Statutes"); A.R.S. § 42-16256(B) (limiting challenges brought under the Error Correction Statutes "to the current tax year in which the notice of error or notice of claim is filed and the three immediately preceding tax years"). Under these statutes, and as relevant here, a property owner may challenge:

> [A]ny mistake in assessing or collecting property taxes resulting from:
>
> . . . .
>
> (b) An incorrect designation or description of the use or occupancy of property or its classification pursuant to [the property classification statutes].
>
> . . . .
>
> (e) Subject to the requirements of § 42-16255, subsection B, a valuation or legal classification that is based on an error that is exclusively factual in nature or due to specific legal restriction that affects the subject property and that is objectively verifiable without the exercise of discretion,

opinion or judgment and that is demonstrated by clear and convincing evidence, such as:

> (i) A mistake in the description of the size, use or ownership of land, improvements or personal property.
>
> (vi) Any other objectively verifiable error that does not require the exercise of discretion, opinion or judgment.

A.R.S. § 42-16251(3).

**¶14** In this case, Vista Verde sought relief under the Error Correction Statutes, contending the County erred by incorrectly designating the Property's use. Vista Verde's complaint set forth the following theories of relief:

> Plaintiffs filed a timely "Taxpayer Notice of Claim" with the Assessor on October 28, 2011, pursuant to A.R.S. § 42-16254. In the "Taxpayer Notice of Claim," Plaintiffs contended that the Subject Property had been improperly assessed because the value and classification of the Subject Property had been determined for tax year 2009 based upon errors, as the term "error" is defined in A.R.S. § 42-16251(3).
>
> The "errors" arise from the fact that the Subject Property qualifies as residential common area and should have been identified and assessed as such pursuant to A.R.S. § 42-13401, et seq. *Moreover, the Subject Property must be properly valued in accordance with A.R.S. §§ 42-11001(6), 42-11054, 42-16162, and 42-16002. These provisions, among other things, define full cash value, mandate that full cash value cannot exceed market value and mandate that current usage shall be included in the formula for reaching a determination of full cash value.*

(Emphasis added.) Consistent with the general allegations of the complaint, Vista Verde argues, the Assessor overvalued the Property by failing to account for the Property's actual use when calculating its value. *See* A.R.S. § 42-13402 (explaining all property that does not qualify as statutory common area "shall be valued using standard appraisal techniques"). Specifically, according to Vista Verde, the Assessor erred by determining that the Property had the same use as the developable lots within the subdivision. Because the tax court found the scope of Vista

Verde's complaint was limited to a statutory common area claim, the court never reached this issue.

¶15 The complaint arguably fails to set forth sufficient well-pled facts to support either a claim that the Property qualifies as "common area" or that its actual use was not properly considered in the valuation. *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008) (explaining a complaint "that states only legal conclusions, without any supporting factual allegations, does not satisfy Arizona's notice pleading standard under Rule 8."). We need not decide, however, whether the complaint would have survived a Rule 8 challenge, because the County neither filed a motion to dismiss under Rule 12(b)(6) nor a motion for a more definite statement under Rule 12(e). Based on our review of the record, it is clear the County knew at the outset of the litigation that Vista Verde was also challenging the Assessor's valuation of the Property, separate and apart from its statutory "common area" claim. Indeed, the County expressly acknowledged this claim in its motion for protective order. Thus, the purpose of Arizona's pleading standard, "to give the opponent fair notice of the nature and basis of the claim," was satisfied. *Id.* at ¶6. Vista Verde's complaint placed the County on actual notice of its alternative claim that the Assessor's valuation of the Property did not properly account for its current usage. Accordingly, the tax court's implicit dismissal of that claim from consideration was erroneous.[5]

¶16 The County argues that Vista Verde may not bring this type of valuation challenge under the Error Correction Statutes. First, citing *Pima County Assessor v. Ariz. Bd. of Equalization*, 195 Ariz. 329 (App. 1999), the County argues Vista Verde is barred from challenging the use designation the Assessor employed in valuing the Property because Vista Verde knew or should have known of the alleged error at the time the Assessor mailed the 2009 notice of valuation and failed to timely challenge the assessment in that tax year.

---

[5] To the extent the County argues Vista Verde is precluded from claiming that the Property's use should have been designated as "restricted" or "limited" because it failed to use those terms or associated "use codes" in the complaint, we are not persuaded. The County was aware Vista Verde was challenging the Property's use designation, and it is of no consequence that the argument became more refined and specific as the litigation progressed.

¶17        In *Pima County*, a property owner raised a classification challenge pursuant to the Error Correction Statutes after having previously filed an administrative appeal for the same tax year.  195 Ariz. at 331, ¶ 1.  Applying A.R.S. § 42-16256(A), which permits an owner who is a good faith purchaser "without notice of any error" at the time the property was purchased to bring a claim under the Error Correction Statutes, we held that an error correction claim may be brought subsequent to an administrative appeal.  *Id*. at 336, ¶ 25.  In analyzing A.R.S. § 42-16256(A), we distilled two principles relating to the Error Correction Statutes:

> First, if the taxpayer knew or reasonably should have discovered an "error" within A.R.S. section 42-16251(3) in sufficient time to assert it through a tax appeal, then sections 42-16251 to -16259 cannot later provide a remedy.  Second, if the "error" has escaped the taxpayer's attention despite the exercise of reasonable care to discover it in time, sections 42-16251 to -16259 can provide a remedy regardless of whether the taxpayer prosecuted a tax appeal for the tax year in question.

*Id*. at 336, ¶ 26.

¶18        Unlike the circumstances at issue in *Pima County*, here, Vista Verde is not a new owner and no administrative appeal challenging the 2009 tax assessment was previously filed.  Moreover, this precise issue was squarely addressed by a recent decision of this court, *Edw. C. Levy Co. v. Maricopa County*, 1 CA-TX 14-0007, 2015 WL 2383856, (Ariz. App. May 7, 2015) (mem. decision) (explaining the principles set forth in *Pima County* apply only when the taxpayer has previously filed an administrative appeal).  Although not controlling, we find the reasoning set forth in *Levy* both instructive and persuasive.  *See* Ariz. R. Sup. Ct. 111(c) (providing that a memorandum decision may be cited for persuasive value if it was issued after January 1, 2015, and no opinion adequately addresses the issue before the court.)  Therefore, the directive from *Pima County* charging a taxpayer with constructive knowledge does not apply here.

¶19        Next, relying on A.R.S. § 42-16255(B), the County asserts that error correction relief is not available because Vista Verde seeks a review of the overall valuation or legal classification of the Property, but failed to file a timely administrative appeal pursuant to A.R.S. § 42-16051(D).  Again, we turn to this court's decision in *Levy*, 1 CA-TX 14-0007 at 5, which addressed this same issue.

¶20          At the time Vista Verde filed its complaint, A.R.S. § 42-16255(B) provided:

> This article does not authorize an independent review of the overall valuation [or legal classification] of property that could have been appealed pursuant to article 2, 3, 4 or 5 of this chapter or chapter 19, article 2 of this title.  If an administrative or judicial appeal is pending regarding the subject property, the alleged error shall be adjudicated as part of the administrative or judicial appeal for the affected tax year.  If a specific error of fact, not previously known, was not addressed in a prior appeal, an appeal may be brought pursuant to this section.

A.R.S. § 42-16255(B) (2009).

¶21          "In 2014, the legislature amended § 42-16255(B) to omit the first sentence." *Levy*, 1 CA-TX 14-0007 at 5, ¶ 18; *see also* A.R.S. § 42-16255(B) (2015); 2014 Ariz. Sess. Laws, ch. 249, § 9.  At the same time, the legislature also added the following language to A.R.S. § 42-16256(D):  "This article does not authorize an independent review of the overall valuation or legal classification of property *that is not a result of an error as defined in § 42-16251*."  A.R.S. § 42-16256(D) (emphasis added); 2014 Ariz. Sess. Laws, ch. 249, § 10.

¶22          "An amendment which, in effect, construes and clarifies a prior statute will be accepted as the legislative declaration of the original act." *Levy*, 1 CA-TX 14-0007 at 5, ¶ 19 (quoting *City of Mesa v. Killingsworth*, 96 Ariz. 290, 297 (1964)); *see also* Ariz. State Senate Fact Sheet for S.B. 1352 (2d Reg. Sess. 2014) (noting that the purpose of the 2014 amendments were to make "various technical and conforming changes").  Although the circumstances of this case predate the statutory amendment, "the amendment clarifies the legislature's original intent and persuades us that the prior version of § 42-16255(B) does not prevent an overall review of valuation or classification that results from the correction of a statutorily defined error." *Levy*, 1 CA-TX 14-0007 at 5, ¶ 19; *see also Police Pension Bd. v. Warren*, 97 Ariz. 180, 187 (1965) ("While subsequent legislation clarifying a statute is not necessarily controlling on a court, it is strongly indicative of the legislature's original intent.").

¶23          The legislature enacted the Error Correction Statutes "to provide a simple and expedient procedure for correcting of errors occurring in assessing or collecting property taxes."  1994 Ariz. Sess. Laws, ch. 323, §

53 (2d Reg. Sess.). "To adopt the County's position that A.R.S. § 42-16255(B) prevents [a property owner] from filing an error correction claim to correct [a] classification error would undermine that legislative intent." *Levy*, 1 CA-TX 14-0007 at 5, ¶ 20; *see also State v. Seyrafi*, 201 Ariz. 147, 150, ¶ 11 (App. 2001) (holding courts should "apply practical, common sense constructions rather than hypertechnical ones that would tend to frustrate legislative intent"). Section 42-16255(B) does not prohibit Vista Verde from challenging the 2009 property tax assessment under the Error Correction Statutes.

**¶24** Finally, the County argues that the alleged error in use classification does not fall within the scope of "errors" subject to and remedied by the Error Correction Statutes. Specifically, the County contends the Assessor's valuation of the Property required the exercise of discretion, opinion or judgment and is therefore not objectively verifiable as required pursuant to A.R.S. § 42-16251(3)(e).

**¶25** As noted above, *supra* ¶ 13, the Error Correction Statutes allow a property owner to challenge a property tax mistake resulting from, and as relevant here, (1) an incorrect designation or description of the use of a property or its classification, or (2) an objectively verifiable mistake in the description of the use of a property. A.R.S. § 42-16251(3)(b), (e)(i).

**¶26** Even assuming the Assessor's classification of the Property and its use involved the exercise of discretion, opinion or judgment, thereby precluding a claim under A.R.S. § 42-16251(3)(e), no such bar exists for a challenge pursuant to A.R.S. § 42-16251(3)(b). *See CNL Hotels & Resorts, Inc. v. Maricopa Cty.*, 230 Ariz. 21, 25-26, ¶¶ 22-24 (2012) (holding a property owner who is barred from challenging a use designation that involves "factual determinations subject to discretion, opinion, or judgment" under A.R.S. § 42-16251(3)(e) is not prevented from challenging the use designation under A.R.S. § 42-16251(3)(b)); *Lyons v. State Bd. of Equalization*, 209 Ariz. 497, 501, ¶ 15 (App. 2005) (explaining an error challenged under A.R.S. § 42-16251(3)(b) need not "be factual in nature or objectively verifiable"). Therefore, Vista Verde's alleged classification error falls within the scope of A.R.S. § 42-16251(3)(b) and may be raised under the Error Correction Statutes.

**¶27** Vista Verde requests entry of summary judgment in its favor. We decline to do so. Although we conclude Vista Verde has raised a viable challenge to the Assessor's valuation of the Property under the Error Correction Statutes, at this stage of the litigation, and without the benefit of discovery, unresolved factual issues relating to use and valuation preclude

summary judgment.  Therefore, we vacate the tax court's protective order, for the reasons stated above, *supra* ¶¶ 14-15, and remand for the court to determine, in the first instance and allowing for the issue to be fully developed, whether the Property was properly classified and valued for 2009.

**¶28**        Finally, both parties request an award of attorneys' fees.  Vista Verde and the County each request attorneys' fees pursuant to A.R.S. § 12-349, alleging the other party unreasonably expanded or delayed the proceeding.  In our discretion, we deny both requests.  Vista Verde also requests attorneys' fees pursuant to A.R.S. § 12-348, which provides for an award of attorneys' fees to a party that "prevails by an adjudication on the merits" in a court proceeding to review a state, city, town or county decision.  Because neither party yet prevailed, we decline to award fees at this stage of the proceedings.   The tax court shall address fee requests, including fees incurred on appeal, after the case has been resolved on the merits.  *See Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 204, ¶ 37 (App. 2007).

## CONCLUSION

**¶29**        For the foregoing reasons, we affirm the tax court's ruling that for tax year 2009 the Property did not qualify as a statutory common area under A.R.S. § 42-13402(B).  We vacate the court's ruling denying Vista Verde's claim under the Error Correction Statutes and the protective order entered in favor of the County.  We therefore remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: ama