804 P.2d 845

**Joseph G. ROSE, Plaintiff–Appellant,**

v.

**ARIZONA DEPARTMENT OF CORRECTIONS, Defendant–Appellee.**

**1 CA–CV 90–106.**

Court of Appeals of Arizona, Division 1, Department D.

Jan. 15, 1991.

Joseph G. Rose, Tucson, in pro. per.

Robert K. Corbin, Atty. Gen. by Timothy B. Trask, Asst. Atty. Gen., Phoenix, for defendant-appellee.

Arizona State University, College of Law, Law School Clinic by Robert Bartels, Tempe, for amicus curiae on behalf of Roy Louis Rodriguez.

## OPINION

McGREGOR, Judge.

Appellant Joseph G. Rose (Rose) appeals from the trial court's judgment dismissing his action against appellee Arizona Department of Corrections (ADOC) for failure to state a claim upon which relief can be granted. The issue presented is whether the Administrative Review Act (ARA), A.R.S. §§ 12–901 through –914, provides judicial review of ADOC decisions involving inmate disciplinary hearings. We hold that it does not.

### I.

Rose is an inmate confined to ADOC's custody. On April 17, 1989, Rose submitted to a random urinalysis test. ADOC claimed that he tested positive for drug use and charged him with possession or use of nonprescriptive drugs, intoxicants, narcotics or drug paraphernalia in violation of A.A.C. R5–1–606.D.2. The Discipline Committee (the Committee) conducted a disciplinary hearing. Rose admitted his guilt and the Committee found him guilty. As a result of this determination, the Committee penalized Rose with the loss of privileges for 30 days; referral to the Classification Committee; confinement in disciplinary iso-

lation for five days, suspended for 90 days; forfeiture of 240 days of earned early release credit, which later were restored; and placement in parole eligibility class III for 60 days. Rose appealed the finding of guilt to an ADOC appeals officer, who denied the appeal.

On August 31, 1989, Rose filed a complaint in superior court seeking review of the disciplinary decision pursuant to the ARA. Rose alleged that ADOC denied him adequate representation at the hearing, that ADOC failed to follow proper methods when administering the urinalysis test and that the Committee was biased. Rose asked the court to set aside the finding of guilt and the penalties.

ADOC subsequently filed an answer and moved to dismiss. ADOC argued that review of inmate disciplinary decisions is not available pursuant to the ARA because the hearings do not involve "contested cases" as defined by section 41–1001.3 of the Administrative Procedure Act (APA), A.R.S. §§ 41–1001 through –1066. The court concluded that the ARA does not apply to inmate disciplinary decisions and therefore granted ADOC's motion to dismiss pursuant to Rule 12(b)(6), Arizona Rules of Civil Procedure.

Rose timely appealed from the judgment of dismissal. We have jurisdiction pursuant to A.R.S. § 12–2101.B.

## II.

■ Judicial review of an administrative decision is not a matter of right except in those situations in which the law authorizes review. *Roer v. Superior Court*, 4 Ariz. App. 46, 417 P.2d 559 (1966). The legislation creating and defining the duties and responsibilities of the ADOC does not authorize judicial review of disciplinary hearings. *See* A.R.S. §§ 41–1601 through –1675; *see also* A.A.C. §§ R5–1–601 through –608. Judicial review, then, is available only if provided by the ARA.

■ To determine whether the ARA applies, we first consider whether the language of the act is clear and unambiguous. If so, the statute speaks for itself and we simply apply, rather than interpret, the statutory language. *See City of Mesa v. Killingsworth*, 96 Ariz. 290, 294, 394 P.2d 410, 412 (1964). If the language does not convey a definite meaning, we interpret the statute, with our sole objective being[1] to determine whether the legislature intended that act to apply to inmate disciplinary decisions. *Id.* at 295, 394 P.2d at 413.

The pertinent portion of the ARA provides:

This article applies to and governs every action to review judicially a final decision of an administrative agency except public welfare decisions pursuant to title 46, or where the act creating or conferring power on an agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review.

A.R.S. § 12–902.A.

■ Rose first argues that, because inmate disciplinary decisions are not specifically exempted from the ARA, as are public welfare decisions, the ARA must apply. We disagree. In *State ex rel. Arizona State Board of Pardons and Paroles v. Superior Court*, 12 Ariz.App. 77, 467 P.2d 917 (1970), this court held that, although the legislature did not expressly exempt the Board of Pardons and Paroles from the ARA, it does not apply to the Board's recommendations. We therefore conclude that the legislature's failure expressly to exempt inmate disciplinary proceedings from the act is not determinative of whether the ARA provides a method to review such proceedings.

Rose next argues, with some justification, that the language of the ARA permits us to find that decisions imposing inmate discipline fall within the broad ambit of the ARA. The ARA defines an administrative agency as "every agency, board, commission, department or officer authorized by law to exercise rule-making powers or to adjudicate contested cases." A.R.S. § 12–901.1. The ADOC clearly falls within the definition of "agency." That fact, however, does not lead to the conclusion that every decision by the ADOC is subject to judicial oversight. Rather, an affected party can seek judicial review of a particular

decision only if the decision determines the outcome of a "contested case."

Because the ARA does not define "contested case," and the term is susceptible to more than one meaning, we cannot simply apply clear and unambiguous language. We are not, however, without guidance as to the term's meaning. The Arizona Legislature based the APA and the ARA, as originally enacted in 1952 and 1954 respectively, on the 1961 version of the Model State Administrative Procedure Act (Model Act). The fact that both the APA and the ARA have their roots in the Model Act makes the APA a logical source for assistance in interpreting the ARA. *See Isley v. School Dist. No. 2 of Maricopa County*, 81 Ariz. 280, 305 P.2d 432 (1957) (in arriving at a statute's intent a court may resort to words, context, subject matter, effects and consequences and spirit and reason of other acts *in pari materia*).

The APA defines "contested case" as "any proceeding, including rate making, price fixing and licensing, in which the legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for hearing." A.R.S. § 41–1001.3. Resolution of the issue before us thus turns upon whether the hearing afforded inmates subject to discipline is the type of hearing to which the legislature referred in defining "contested case."

The ADOC codified the procedural requirements of inmate disciplinary hearings following the decision in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).[1] In that case, the United States Supreme Court defined the constitutional basis for the right to hearing applicable to inmates facing some types of discipline. Because a prison inmate has a liberty interest in earned early release credits, the Court held that prison officials may deprive an inmate of such credits only in proceedings offering certain procedural protections: written notice to the inmate of the alleged violation within 24 hours prior to appearing before the disciplinary board; a written statement by the fact finder of the

evidence relied upon and its reason for the action taken; and an opportunity for the inmate to call witnesses and present documentary evidence unless doing so is unduly hazardous. *Wolff*, 418 U.S. at 563–67, 94 S.Ct. at 2978–80, 41 L.Ed.2d at 955–57. The *Wolff* Court emphasized, however, that "[i]t is immediately apparent that one cannot automatically apply procedural rules designed for free citizens in an open society ... to the very different situation presented by a disciplinary proceeding in a state prison." *Id.* at 560, 94 S.Ct. at 2977, 41 L.Ed.2d at 953. The Court therefore held that an inmate is not entitled to confrontation and cross-examination of witnesses or to counsel at disciplinary hearings, although he would be entitled to those protections in a criminal trial. *Id.* at 567–70, 94 S.Ct. at 2980–82, 41 L.Ed.2d at 957–59. The Court reasoned that, in a prison setting, making available these additional protections could result in longer, unmanageable and potentially hazardous hearings. *Id.*

We believe that providing judicial review of inmate disciplinary decisions pursuant to the ARA would create precisely those hazards about which the *Wolff* Court expressed concern and is a result that the legislature did not intend. Although Arizona's courts have not previously addressed the issue whether an inmate disciplinary hearing is a "contested case," our courts have recognized the unique problems inherent in maintaining order and security within a prison. *See, e.g., Cardwell v. Hogan*, 23 Ariz.App. 475, 476, 534 P.2d 283, 284 (1975) ("Wide discretion is vested in correctional authorities in matters of internal prison administration, and reasonable action within the scope of this discretion does not violate a prisoner's constitutional rights."); *Large v. Superior Court*, 148 Ariz. 229, 236, 714 P.2d 399, 406 (1986) (institutional security, internal order and discipline are essential goals of the ADOC). The legislature's exemption of rules that concern inmates secured in the custody of a correctional or detention facility from the APA's provisions, *see* A.R.S. § 41–1005.A.7, similarly evidences the leg-

---

1. *See* A.A.C. R5–1–603.B.

islature's recognition that a prison setting is unique.

Other jurisdictions have concluded, as we do today, that although an inmate is constitutionally entitled to a hearing before he can be deprived of earned early release credits, an inmate disciplinary hearing is not the type of hearing that the term "contested case," as used in administrative review statutes, encompasses. *E.g., Clardy v. Levi,* 545 F.2d 1241 (9th Cir.1976); *Langley v. Scurr,* 305 N.W.2d 418 (Iowa 1981); *Reed v. Parratt,* 207 Neb. 796, 301 N.W.2d 343 (1981); *Dawson v. Hearing Committee,* 92 Wash.2d 391, 597 P.2d 1353 (1979). These decisions, like *Wolff,* take into consideration the unique nature of a prison setting, a consideration we find persuasive in discerning legislative intent.

We agree that the ARA's "rigid, formal and time-consuming procedures" are not consistent with the distinctive problems involved in enforcing disciplinary rules within a prison. *Dawson,* 92 Wash.2d at 395, 597 P.2d at 1355 (1979) (citing *Clardy v. Levi,* 545 F.2d 1241 (9th Cir.1976)). For example, A.R.S. § 12–911.A.1 allows the superior court, in its discretion, to stay an administrative decision. A stay of the Committee's disciplinary decision could disrupt security, internal order or discipline within the prison. *See Large,* 148 Ariz. at 236, 714 P.2d at 406 (institutional security, internal order and discipline are essential goals of the ADOC). Additionally, when a trial *de novo* is available under the ARA, any party other than an agency defendant may demand a jury trial. A.R.S. § 12–910. Such a proceeding could result in the type of complicated, lengthy hearing the *Wolff* Court sought to avoid. The APA also provides that the parties in a "contested case" have the right to be represented by counsel and the right to cross-examine witnesses. A.R.S. § 41–1062.A.1. In *Wolff* the Court specifically held that an inmate is not entitled to these rights in a disciplinary hearing.

"In light of the nature of the prison setting and the needs of prison administrators to determine discipline matters fairly and swiftly, while preserving calm and order within the institution, it is apparent that the procedures of the A[R]A are wholly inappropriate to prison disciplinary matters." *Dawson,* 92 Wash.2d at 395–96, 597 P.2d at 1355. Because of the distinct procedural differences between inmate disciplinary hearings and proceedings under the ARA, and the justifications for those differences, we conclude that inmate disciplinary hearings are not "contested cases" within the meaning of the ARA.

As Rose points out, Michigan's courts have held that an inmate disciplinary hearing is a "contested case." *See, e.g., Lawrence v. Michigan Dep't of Corrections,* 88 Mich.App. 167, 276 N.W.2d 554 (1979); *Tocco v. Marquette Prison Warden,* 123 Mich. App. 395, 333 N.W.2d 295 (1983). We do not find these decisions persuasive in interpreting Arizona's statutory provisions. For the reasons discussed above, we do not conclude, as did the *Lawrence* court, that the term "contested case" is clear and unambiguous. *Lawrence,* 88 Mich.App. at 171, 276 N.W.2d at 556. In addition, the provisions of the Michigan Administrative Procedures Act upon which the *Tocco* court relied resemble Arizona's provisions for special actions rather than those of the ARA. *Tocco,* 123 Mich.App. at 398, 333 N.W.2d at 296; Rule 3, Arizona Rules for Special Actions.

### III.

■ Although the ARA does not provide a vehicle for obtaining judicial review of an inmate disciplinary decision, we cannot conclude that Rose has failed to state a claim upon which relief can be granted. The trial court did not consider whether it had jurisdiction to consider Rose's complaint as a special action. *See Arizona Board of Pardons and Paroles,* 12 Ariz.App. at 82, 467 P.2d at 922 (technical denominations within a complaint are not fatal if the complaint states facts sufficient to justify relief). Rose, *amicus curiae* and ADOC agree that if the ARA does not provide review of inmate disciplinary decisions, Rose's complaint should be considered as an attempt to obtain relief by way of special action. The remedy of special action, however, is a

discretionary one. *Amos v. Bowen,* 143 Ariz. 324, 327, 693 P.2d 979, 982 (App. 1984). We therefore remand this action to the trial court so that it may exercise its discretion to consider the complaint as a special action.

## IV.

For the foregoing reasons, we affirm the trial court's judgment dismissing this action for failure to state a claim pursuant to the ARA. Because the trial court did not consider whether it could review the disciplinary proceeding in the form of a special action, we remand to permit the trial court to exercise its discretion to consider the complaint in this form.

KLEINSCHMIDT, P.J., and CLABORNE, J., concur.