825 P.2d 25

Gregory Allen STANHOPE, ADOC # 46210, Plaintiff/Appellant,

v.

The STATE of Arizona; Arizona Department of Corrections, and its officers, agents and employees, to-wit: Samuel Lewis, Director; J.C. Kenney, Assistant Director; Robert Goldsmith, Warden; Acting Warden Thomas; CPS Molnar; CPO Valdez; Sergeant Webber; CPO Fulton; Deputy Warden John Aveneti; Deputy Warden Sam Sublett, Defendants/Appellees.

No. 2 CA–CV 90–0263.

Court of Appeals of Arizona, Division 2, Department B.

Aug. 22, 1991.

Reconsideration Denied Nov. 7, 1991.

---

Gregory Allen Stanhope, Tucson, in pro. per.

Grant Woods, Atty. Gen. by Richard F. Albrecht, Phoenix, for defendants/appellees.

## OPINION

FERNANDEZ, Judge.

The sole issue in this case is whether a prisoner classification decision is subject to judicial review under the Arizona Administrative Review Act (ARA), A.R.S. §§ 12–901 through 12–914. We agree with the trial court that it is not and affirm its dismissal of the complaint.

According to his complaint, appellant is an inmate confined to the Arizona Department of Corrections (ADOC). Initially, appellant was assigned to the general population of the central unit of the prison complex in Florence. On February 8, 1990, he was involuntarily placed in the protective segregation unit by the institutional classification committee. The committee's decision was affirmed by Acting Warden Thomas on March 1. Appellant then sought review of that decision by filing this action. Appellees filed a motion to dismiss, arguing that the ARA does not apply to prison classification proceedings. The court granted appellees' motion.

Appellant contends that the court erred in dismissing his suit, arguing that inmate classification affects a liberty interest and is governed by due process, that the classification decision was arbitrary and capricious, that he is entitled to a de novo hearing, and that he is entitled to relief under the ARA because the legislature did not expressly exclude ADOC decisions from the act.

In reviewing the granting of a motion to dismiss for failure to state a claim upon which relief can be granted, we will uphold the court if "it appears certain that the plaintiff would not be entitled to relief under any state of facts susceptible of proof under the claim stated." *Sun World Corp. v. Pennysaver, Inc.*, 130 Ariz. 585, 586, 637 P.2d 1088, 1089 (1981).

We find nothing in the legislation that defines the duties and responsibilities of ADOC that authorizes judicial review of prisoner classification decisions. A.R.S. §§ 41–1601 through 41–1675. Thus, judicial review is available only if it is authorized by the ARA.

The ARA provides for judicial review of a "decision, order or determination of an administrative agency rendered in a case which affects the legal rights, duties or privileges" of persons who come before it. A.R.S. § 12–901(2). It applies to "every action to review judicially a final decision of an administrative agency except public welfare decisions pursuant to title 46." A.R.S. § 12–902(A).

In *Rose v. Arizona Department of Corrections*, 167 Ariz. 116, 804 P.2d 845 (App. 1991), Division One of this court extensively analyzed the language of the ARA to determine whether the act authorizes judicial review of an inmate disciplinary decision. The court rejected the inmate's argument that the act applies because such decisions are not expressly excluded, noting that it had previously ruled that decisions of the board of pardons and paroles are exempt although not expressly excluded. *State ex rel. Arizona State Board of Pardons and Paroles v. Superior Court*, 12 Ariz.App. 77, 467 P.2d 917 (1970). As appellant points out, however, that case is distinguishable because the board of pardons and paroles is empowered only to make recommendations to the governor on commutation requests and not to make the final decisions called for by the ARA. A.R.S. § 31–402(A). That distinction, however, does not end the matter.

As the court in *Rose* noted, judicial review of an administrative decision is available only in "contested cases." A.R.S.

§ 12–901(1). After a detailed discussion of the issue, the court concluded that inmate disciplinary hearings are not contested cases within the meaning of the ARA, finding that the act's procedures are ill-suited to such proceedings. That is no less the case with inmate classification hearings. As appellees have noted, administrative classification proceedings concern matters of internal prison security and administration. The Supreme Court has held that the due process clause does not apply to the classification decisions of prison officials. *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Moreover, correctional authorities have wide discretion in matters such as the placement and classification of prisoners. *Altizer v. Paderick,* 569 F.2d 812 (4th Cir.), *cert. denied,* 435 U.S. 1009, 98 S.Ct. 1882, 56 L.Ed.2d 391 (1978).

We agree with the trial court that the ARA is not available to review a prisoner classification decision. Appellant's only contention is that the ARA is applicable to his case. Thus, we affirm the dismissal of his complaint and do not address the issue of whether he might be able to seek relief in some other type of action.

ROLL, P.J., and HATHAWAY, J., concur.