**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW RONALD CREAMER, | No. 09-16425 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-02275-SRB-MEA |
| v. | |
| CHARLES L. RYAN, Interim Director of ADOC and STATE OF ARIZONA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Arizona prisoner Matthew Ronald Creamer appeals pro se from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition for failure to exhaust. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Creamer contends that because Arizona law does not provide for judicial review of prison disciplinary proceedings, he was not required to exhaust his claims in state court.

In Arizona, state court review of an inmate disciplinary decision may be obtained by filing a petition for special action. *See Rose v. Ariz. Dep't of Corrections*, 804 P.2d 845, 849 (Ariz. Ct. App. 1991). Contrary to Creamer's argument, Arizona Revised Statutes ("A.R.S.") § 31-201.01(L) does not bar the initiation of a special action by a prisoner, because it only applies to tort claims. Likewise, A.R.S. § 12-302 does not prevent the filing of a special action by a prisoner. *See* A.R.S. § 12-302(E) (inability to pay filing fees does not prevent filing of an action).

Because Creamer did not challenge his disciplinary proceedings by filing a special action in state court, the district court properly dismissed his claims as unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A), (c).

The district court did not abuse its discretion by denying Creamer's motion for reconsideration because he did not identify any new evidence, change in law, clear error, or manifest injustice in the court's order. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

Finally, the district court did not abuse its discretion by denying Creamer's request for a stay. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (district court may not grant a stay where the petition contains no exhausted claims).

**AFFIRMED.**