NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STEPHEN S. EDWARDS, *Plaintiff/Appellant*,

*v.*

SANDRA L. SMITH et al., *Defendants/Appellees*.

No. 1 CA-CV 16-0235
FILED 4-4-2017

Appeal from the Superior Court in Maricopa County
No. CV2015-094118
The Honorable Robert H. Oberbillig, Judge

**AFFIRMED**

COUNSEL

Stephen Edwards, Phoenix
*Plaintiff/Appellant*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By F. Richard Cannata, Jr., Lori L. Voepel
*Counsel for Defendant/Appellee Maureen G. Mulvaney*

Sanders & Parks, P.C., Phoenix
By Jeffrey L. Smith, Amanda M. Breemes
*Counsel for Defendants/Appellees AAM, LLC and Sandra L. Smith*

---

**MEMORANDUM DECISION**

---

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Chief Judge Michael J. Brown and Judge Kenton D. Jones joined.

---

**T H U M M A**, Judge:

¶1        This is a recent installment in a series of lawsuits that arose when appellant Stephen S. Edwards apparently increased the height of a common wall dividing properties located within a planned community. Because Edwards has shown no error, the judgment is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2        In this case, Edwards sued Sandra L. Smith, AAM, LLC, and Maureen G. Mulvaney alleging (1) intentional and negligent infliction of emotional distress based on "evidence and testimony to facilitate Judgement against" him in a prior case and (2) defamation, libel, slander and, as to Mulvaney only, trespass.[1] On motion, the superior court found the emotional distress claims against Smith and AAM (with analysis equally applicable to Mulvaney) failed to state a claim upon which relief could be granted. *See* Ariz. R. Civ. P. 12(b)(6) (2017).[2]

¶3        After Edwards failed to appear at his deposition, defendants sought dismissal with prejudice. *See* Ariz. R. Civ. P. 37(f), 41(b). Finding Edwards adequately explained why he did not appear for the deposition, the superior court ordered him to "make himself available for deposition by February 29, 2016." When he failed to make himself available to be deposed by the court-ordered date, defendants again sought dismissal under Rules 37(f) and 41(b). After briefing, the court found Edwards "ha[d] unreasonably refused to participate in discovery," and tacitly concluding he willfully failed to comply with the court's order, granted the motion to dismiss for failure to prosecute, dismissing the "entire action, with prejudice," in a final appealable judgment. *See* Ariz. R. Civ. P. 54(c). This

---

[1] Edwards' attempt to add a claim for declaratory relief was denied and is not a part of this appeal.

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

court has jurisdiction over Edwards' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶4** Edwards argues his claims are factually supported and the superior court was biased against him.[3] The rulings at issue, however, are whether (1) as a pleading matter, Edwards alleged actionable emotional distress and (2) Edwards' claims properly were dismissed given his failure to properly participate in discovery.

## I. The Superior Court Did Not Err In Dismissing The Emotional Distress Claims.

**¶5** Whether Edwards alleged actionable emotional distress claims is a legal issue this court reviews de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012). A dismissal for failure to state a claim upon which relief can be granted will be affirmed if "'it appears certain that the plaintiff would not be entitled to relief under any state of facts susceptible of proof under the claim stated.'" *Stanhope v. State*, 170 Ariz. 404, 405 (App. 1991) (citation omitted).

**¶6** Edwards did not allege that defendants created an unreasonable risk of bodily harm to him, or resulting physical injury or illness, necessary elements of a negligent infliction of emotional distress claim. *See Gau v. Smitty's Super Valu, Inc.*, 183 Ariz. 107, 109 (App. 1995). Similarly, Edwards did not allege conduct "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency" as is required for an intentional infliction of emotional distress claim. *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554 (App. 1995) (citation omitted).

**¶7** Moreover, both claims are based on Edwards' allegations that defendants used "false and fraudulent evidence and testimony to facilitate Judgment against" him and "knew, or had reason to know, that the evidence presented to the Court was fraudulent." "'An absolute privilege

---

[3] Edwards' brief also discusses claims not asserted in the pleadings, and purported wrongful acts by non-parties not properly a part of this case. Those claims and purported acts will not be addressed. Similarly, although claiming the superior court should have held him to a less stringent standard because he is a self-represented litigant, the law is to the contrary. *See Old Pueblo Plastic Surgery, P.C. v. Fields*, 146 Ariz. 178, 179 (App. 1985).

exists for participants in judicial proceedings.'" *Linder v. Brown & Herrick*, 189 Ariz. 398, 406 (App. 1997) (citation omitted); *see also Lewis v. Swenson*, 126 Ariz. 561, 564 (App. 1980) (noting "an absolute privilege [for] . . . witnesses to state anything at trial which relates to the matter at issue"). The motion to dismiss asserted this privilege and Edwards has not shown this privilege does not apply. Indeed, on appeal Edwards concedes the claims were based on statements made in judicial hearings: "Ms. Mulvaney falsely testified at an evidentiary hearing in case no. [CV2014-092726]" and "Ms. Smith and Ms. Mulvaney's defamatory statements were made under oath in case no. [CV2014-092726]." Accordingly, the court did not err in dismissing Edwards' emotional distress claims. *See Linder*, 189 Ariz. at 406.

## II. The Superior Court Did Not Err In Dismissing The Case With Prejudice Pursuant To Arizona Rules Of Civil Procedure 37(f) And 41(b).

¶8        Although Edwards appeals from the dismissal of his claims with prejudice, his opening brief does not challenge that ruling. Accordingly, he has waived any such challenge on appeal. *See* ARCAP 13(a)(7)(A); *MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011); *Ace Auto. Products, Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987) ("It is not incumbent upon the court to develop an argument for a party.").

¶9        Even considering the merits, the superior court has discretion to dismiss a matter with prejudice for a plaintiff's willful failure to comply with a court's order. *See Old Republic Nat. Title Ins. Co. v. New Falls Corp.*, 224 Ariz. 526, 531 ¶ 22 (App. 2010) (citations omitted). That is precisely what the court did here. By failing to address that ruling on appeal, Edwards has not shown an abuse of discretion.[4] Accordingly, the dismissal with prejudice is affirmed.

## III. Edwards Has Shown No Bias By The Superior Court.

¶10        Edwards claims the superior court was biased against him and was required to recuse from consideration of this case. Edwards raised this issue with the superior court after the entry of the final judgment and thereby failed to preserve the matter for appeal. However, even if this court

---

[4] This same analysis also would apply to the emotional distress claims. Even if Edwards' pleading properly stated actionable emotional distress claims, by failing to appear for his deposition as ordered by the court, the court had the discretion to dismiss the claims as a consequence. *See* Ariz. R. Civ. P. 37(f), 41(b).

had jurisdiction to address the issue, Edwards has provided no evidence supporting such an assertion and none appears in the record. The mere fact that the court ruled against Edwards fails to show improper bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). On this record, Edwards has shown no bias by the superior court.

## CONCLUSION

¶11        The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA