NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STEPHEN S. EDWARDS, *Plaintiff/Appellant*,

*v.*

THE LAKEWOOD COMMUNITY ASSOCIATION, *Defendant/Appellee*.

No. 1 CA-CV 16-0379
FILED 4-4-2017

Appeal from the Superior Court in Maricopa County
No. CV2015-009257
The Honorable Robert H. Oberbillig, Judge

**AFFIRMED**

COUNSEL

Stephen Edwards, Phoenix
*Plaintiff/Appellant*

Vial Fotheringham, LLP, Tempe
By Quinten T. Cupps
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Chief Judge Michael J. Brown and Judge Kenton D. Jones joined.

**T H U M M A**, Judge:

¶1        This case arises out of a dispute between appellant Stephen S. Edwards and The Lakewood Community Association. Edwards appeals from a judgment dismissing his claims against Lakewood with prejudice. Because he has shown no error, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        In December 2015, Edwards filed this case alleging various contract and tort claims against Lakewood. Lakewood successfully moved to have the case reassigned to a different judge, arguing this case was "the exact same lawsuit" (CV2015-094117) Edwards previously filed against Lakewood that the different judge had dismissed.

¶3        Following reassignment, Lakewood moved to dismiss, arguing (among other things) that the lawsuit was barred by res judicata based on the judgment in CV2015-094117, which dismissed the same claims with prejudice. Although Edwards filed an opposition, he did not address res judicata. The court granted the motion to dismiss, noting Edwards' opposition

> fails to address the obvious. The complaint in this case is identical to the complaint that was dismissed in CV2015- 094117 except for a slight word change in paragraph 9 from "unfair meetings" to "unfair elections" and finishing the sentence.
>
> Under Arizona law principles of issue preclusion, it is improper to file a lawsuit on the same issues that were previously decided against the Plaintiff herein.

The court dismissed with prejudice, and awarded fees as sanctions. *See* Ariz. Rev. Stat. (A.R.S.) § 12-349 (2017).[1] After additional motion practice, the court entered a final appealable judgment. This court has jurisdiction over Edwards' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## DISCUSSION

¶4        Whether Edwards alleged actionable claims is a legal issue this court reviews de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012). A dismissal for a failure to state a claim upon which relief can be granted will be affirmed if "'it appears certain that the plaintiff would not be entitled to relief under any state of facts susceptible of proof under the claim stated.'" *Stanhope v. State*, 170 Ariz. 404, 405 (App. 1991) (citation omitted).

## I.        Edwards' Claims Are Barred By Res Judicata.

¶5        Edwards argues the superior court erred by "misapply[ying] issue preclusion." Edwards is correct that the applicable doctrine, as noted in Lakewood's motion, is claim preclusion, often referred to as res judicata. Edwards, however, failed to address Lakewood's res judicata argument in briefing before the superior court, meaning he has waived the issue on appeal. *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utilities, LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011); *Schurgin v. Amfac Elec. Distribution Corp.*, 182 Ariz. 187, 190 (App. 1995).

¶6        Even absent waiver, res judicata "has three elements: (1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *In re Gen. Adjudication of All Rights to Use Water In Gila River Sys. & Source*, 212 Ariz. 64, 69–70 ¶ 14 (2006) (citing cases). On the record provided, the superior court properly could conclude the claims in this case were identical to the claims in CV2015-094117; that a final judgment was entered in CV2015-094117 in favor of Lakewood and against Edwards and that Edwards and Lakewood were the same parties in both cases. Therefore, because Edwards' complaint was barred by res judicata, the judgment in this case was proper.[2]

---

[2] Given this conclusion, this court need not address Edwards' subject matter jurisdiction argument. Similarly, although claiming the superior court should have held him to a less stringent standard because he was a self-represented litigant, the law is to the contrary. *See Old Pueblo Plastic Surgery, P.C. v. Fields*, 146 Ariz. 178, 179 (App. 1985).

## II.     Edwards Did Not Move To Amend His Complaint.

**¶7**          Edwards argues that he should have been permitted to amend his complaint. Because Edwards never filed a motion for leave to amend, he has waived this argument. *See Harris v. Cochise Health Sys.*, 215 Ariz. 344, 349 ¶ 17 (App. 2007) ("argument waived on appeal when not briefed" with the superior court, meaning that "court had no opportunity to consider it") (citations omitted).

**¶8**          Although Edwards made a reference to filing a motion to amend in his opposition to Lakewood's motion to dismiss, he filed no such motion. And although his motion to vacate the order of dismissal referred to leave to file an amended complaint, that reference did not comply with the requirements for filing a motion for leave to amend. *See* Ariz. R. Civ. P. 15(a)(2). Finally, Edwards has failed to show how an amended complaint would mean his allegations were not barred by res judicata.

## III.     Edwards Has Shown No Bias By The Superior Court.

**¶9**          Edwards claims the superior court was biased against him and was required to recuse from consideration of this case. Edwards failed to raise this issue with the superior court. Even absent that waiver, Edwards has provided no evidence supporting such a claim and none appears in the record. The mere fact that the court ruled against Edwards fails to show improper bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). On this record, Edwards has shown no bias by the superior court.[3]

---

[3] Edwards appears to argue, for the first time on appeal, that Lakewood violated the Fair Debt Collection Practice Act. Because Edwards failed to make such a claim with the superior court, it was waived and will not be considered by this court.

## IV.   Attorneys' Fees And Taxable Costs On Appeal.

**¶10**      Lakewood requests an award of attorneys' fees and taxable costs on appeal. Because Lakewood is the prevailing party on appeal, this court grants its request for reasonable attorneys' fees pursuant to A.R.S. § 12-341.01 and taxable costs on appeal, contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶11**      The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA